UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NEUROSOLUTIONS 100, LLC, MICHAEL BINGHAM, Individually;<br><br>Defendants. | 5:26-CV-05082-ECS<br><br>ORDER GRANTING MOTION TO ALLOW ALTERNATIVE METHOD OF SERVICE |

On July 31, 2026, Plaintiff, the United States of America, filed a Motion to Allow Alternative Method of Service ("Motion"), Doc. 5, and the Declaration of Anne C. Weyer in Support of Motion for Alternative Service ("Declaration"), Doc. 6. Plaintiff requests that the Court authorize service on Defendant, Neurosolutions 100, LLC, pursuant to Fed. R. Civ. P. 4. Doc. 5 at 1–2. Defendant is a corporation with its principal place of business in Texas. Doc. 1 ¶ 2. Plaintiff seeks to apply Texas law to alternatively serve Defendant by email under Tex. R. Civ. P. 106(a)–(b) after multiple unsuccessful attempts to personally serve Defendant. Docs. 5, 6.

Rule 4(h)(1) governs service of process upon corporations in the United States. Rule 4(h)(1) provides in its entirety:

> (h) Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:

> (A) *in the manner prescribed by Rule 4(e)(1)* for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1) (emphasis added). Here, Plaintiff seeks to apply Texas law to serve Defendant by email. Doc. 5. Tex. R. Civ. P. 106 reads in its entirety:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> > (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> >
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement–sworn to before a notary or made under penalty of perjury–listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> > (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> >
> > (2) *in any other manner*, including electronically by social media, *email*, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P 106 (emphasis added).

After careful consideration, the Court grants Plaintiff's Motion. The Court is cognizant of Rule 4 and its requirements. Rule 4(h)(1) provides for service on a corporation in the same manner prescribed by Rule 4(e)(1) for serving an individual. Under Rule 4(e)(1), service on corporations operating in a "judicial district of the United States" may be served "*following state*

*law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or *where service is made*[.]" Fed. R. Civ. P. 4(e)(1) (emphasis added); see also Hines v. TA Servs., Inc., 4:24-CV-04025-RAL, 2026 WL 2364335, at *1, 3 (D.S.D. Aug. 14, 2026) (finding South Dakota law applied where a plaintiff from Georgia "venued the case" in South Dakota and attempted service in South Dakota on a Texas corporation pursuant to Rule 4(e)(1)).

In granting Plaintiff's Motion, the Court also turns to precedent in this District. This case is similar to Copperhead Agricultural Products, LLC v. KB Ag Corp., LLC, CIV. 18-4127, 2018 WL 11229576 (D.S.D. Nov. 14, 2018). Applying Tex. R. Civ. P. 106, the court denied the plaintiffs' motion to serve a Texas corporation by email. Copperhead, 2018 WL 11229576, at *7. However, this Court finds the facts in Copperhead to be distinguishable from the case at bar. In Copperhead, the email which the plaintiffs alleged belonged to the Texas corporation was merely listed on a trademark application in the plaintiffs' "unsworn brief." Id. at *7 n.1. Here, the Court finds it has a sworn statement by an officer of the Court under oath that Judy Brown was Defendant's registered agent and former attorney, and that Judy Brown was in receipt of copies of the complaint, summons, and two waiver forms since July 9, 2026. Doc. 6 ¶¶ 5–6, 9. Plaintiff's Declaration states Michael Bingham responded to Plaintiff's email on July 1, 2026, stating that Judy Brown was cc'd on his email to her containing the complaint, summons, and the waiver forms. Id. ¶¶ 4–6. On July 9, 2026, Judy Brown emailed Plaintiff from Defendant's company email address stating that she no longer represented Defendant as an attorney. Id. ¶ 6. Michael Bingham agreed to waive service on June 30, 2026. Id. ¶ 4.

Plaintiff's Declaration also clearly lays out the efforts she made to personally serve Defendant by hiring a private process server. Doc. 6 ¶¶ 8–11. The private process server made

two unsuccessful attempts to personally serve Defendant at two different addresses.[1] Id.; see also Copperhead, 2018 WL 11229576, at *3 (acknowledging that the plaintiffs demonstrated "reasonable diligence in effecting personal service on [the Texas corporation]").

Furthermore, the plaintiffs' motion to serve the Texas corporation over email was denied in Copperhead because, at the time, the court found no state case law from Texas permitting service by email of a citation. Copperhead, 2018 WL 11229576, at *7. The court reasoned "[w]hile Rule 21a of the Texas Rules of Civil Procedure authorizes a party to serve by email pleadings, motions, and other documents required to be served under the Rule 21, specifically exempted from this rule are citations which must be served in accordance with Rule 106 of the Texas Rules of Civil Procedures." Id. However, Tex. R. Civ. P. 106 has evolved since Copperhead was issued in 2018. On December 18, 2020, the Texas Supreme Court issued a final order amending Tex. R. Civ. P. 106 to allow substituted service of process by email, social media, or other electronic technology. De La Garza v. Dunn, No. 03-19-00849-CV, 2021 WL 1202089, at *5 n.7 (Tex. Ct. App. Mar. 31, 2021) (citing Final Approval of Amendments to Texas Rules of Civil Procedure 106 and 108, Misc. Docket No. 20-9148 (Tex. Dec. 18, 2020)). The law became effective on December 31, 2020. Id. (citations omitted). Since then, Texas state courts have commented on the amended law. See Interest of I.J.W., No. 08-25-00116, 2026 WL 1026957, at *3–5 (Tex. Ct. App. Apr. 15, 2026) (citing the amended Rule 106(b) in its entirety); Life v. Zuniga, No. 08-23-00254-CV, 2024 WL 3189301, at *2 (Tex. Ct. App. June 26, 2024) (stating that Rule 106(b) permits courts to authorize service by email);

---

[1] The first time, the private process server attempted to serve Defendant at the registered address of 3839 McKinney Ave., Ste. 155-2378, Dallas, TX 75204, but the address was an unattended mailbox address. Doc. 6 ¶ 8. The second time, the private process server attempted to serve Defendant at its "last known physical address" at 15455 Dallas Pkwy, Ste. 600, Addison, TX 75001. Id. ¶ 10. Security at that address notified the process server that the floor was "empty" and Defendant had allegedly "moved to another building across the street." Id.

Interest of V.R.W., No. 05-22-00631-CV, 2023 WL 3735234, at *2 (Tex. Ct. App. May 31, 2023) (commenting that the Texas Supreme Court amended Rule 106(b)(2) to include service by email, social media, or other technology).

Accordingly, for good cause shown, it is hereby

ORDERED that Plaintiff's Motion to Allow Alternative Method of Service by email, Doc. 5, on Defendant is granted. It is further

ORDERED that Defendant shall provide an answer, or otherwise plead, within 21 days after entry of this order. It is further

ORDERED that Plaintiff shall serve by email a copy of this order on Defendant.

DATED this 25th day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE